1

2

3

4

5

6

7

8

9

**United States District Court**
**For the Northern District of California**

10

11

12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14

DAVID MACADANGDANG and REULITA
MACADANGDANG,

No. C 14-1431 MMC

15

            Plaintiffs,

**ORDER GRANTING DEFENDANTS'
MOTION AS TO FEDERAL CAUSE OF
ACTION; DENYING MOTION AS TO
STATE CAUSES OF ACTION AND
REMANDING TO STATE COURT;
VACATING HEARING**

16

     v.

17

HSBC BANK USA, NATIONAL
ASSOCIATION, et al.,

18

            Defendants.
                                                              /

19

20

        Before the Court is defendant Bank of America, N.A.'s ("Bank of America") motion,

21

filed July 18, 2014 and joined by defendant HSBC Bank USA, National Association, to

22

dismiss plaintiffs' complaint in its entirety for failure to state a claim.[1]  Pursuant to the Civil

23

Local Rules of this District, opposition was due no later than August 1, 2014. See Civil L. R.

24

7-3(a) (providing opposition to motion must be served and filed no later than 14 days after

25

the motion is filed and served).  No opposition has been filed.

26

27

28

        [1] Because Bank of America filed the motion after the pleadings were closed, the
Court, as to Bank of America, construes the instant motion as a motion for judgment on the
pleadings.  See Fed. R. Civ. P. 12(c).

1    Having read and considered the moving papers, the Court deems the matter

2  suitable for determination thereon, VACATES the hearing scheduled for August 29, 2014,

3  and rules as follows.

4    1.  Plaintiffs' First Cause of Action alleges a breach of a "Servicer Participation

5  Agreement" entered into between defendants and Fannie Mae pursuant to the federal

6  government's Home Affordable Modification Program ("HAMP"), as established under the

7  Emergency Economic Stabilization Act of 2008, Pub. L. 110–343.  For the reasons stated

8  by defendants, the First Cause of Action is subject to dismissal; plaintiffs lack standing to

9  bring such claim because they are neither parties to the asserted agreement nor third-party

10 beneficiaries thereof.  (See Def.'s Mot. at 3:10-4:15); see also Hoffman v. Bank of America,

11 N.A., 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (holding HAMP servicer's

12 agreement did not grant plaintiff enforceable rights; collecting cases finding borrowers are

13 not third party beneficiaries of HAMP servicer's agreements).

14    2.  The instant action was removed on the basis of a federal question, specifically,

15 plaintiffs' having alleged a breach of the above-referenced contract.  (See Notice of

16 Removal, filed March 28, 2014, at 2:9-16.)  Each of plaintiffs' four remaining claims is

17 brought under state law.  Where "the district court has dismissed all claims over which it

18 has original jurisdiction," such court may decline to exercise supplemental jurisdiction over

19 the remaining claims.  See 28 U.S.C. § 1367(c)(3).  Here, given that the case is at an early

20 stage of the proceedings, the Court finds its appropriate to decline to exercise

21 supplemental jurisdiction over plaintiffs' state law claims.

22    Accordingly, for the reasons stated above, defendants' motion is hereby GRANTED

23 in part and DENIED in part as follows:

24    1.  As to the First Cause of Action, the motion is hereby GRANTED;

25    2.  As to the Second through Fifth Causes of Action, the motion is hereby DENIED

26 without prejudice, and said state law claims are hereby REMANDED to the Superior Court

27 //

28 //

2

of the State of California in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: August 7, 2014

MAXINE M. CHESNEY
United States District Judge

3